IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATRICK SIMMONS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:08cv85 - WHA |
| JESSICA WILSON, | ) |
| Defendant. | ) |

RECEIVED
2008 FEB -7 P 3: 09

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE CIRCUIT COURT OF MACON COUNTY
STATE OF ALABAMA

| | |
|---|---|
| PATRICK SIMMONS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. CV-07-152 |
| JESSICA WILSON, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant designated as Jessica Wilson, and without waiving any defenses asserted in the Answer filed contemporaneously herein, and for the limited purpose of preserving her right to removal of this action, respectfully avers the following in support of the removal of this case from the Circuit Court of Macon County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division.

1. On or about January 7, 2008, Plaintiff Patrick Simmons commenced the above-styled action by filing a Summons and Complaint against Defendant Jessica Wilson. (Exhibit A)

2. The removal of this action is based on diversity of citizenship. This Court has original jurisdiction of the case pursuant to 28 U.S.C. §1332(a) because there exists complete diversity of citizenship between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

3. Upon information and belief, Plaintiff Patrick Simmons is a resident and citizen of the State of Alabama. (Plaintiff's Complaint at ¶1). The Defendant identified as Jessica Wilson is a resident citizen of the State of Colorado, with her permanent residence and domicile located in Denver, Colorado.

4. The Plaintiff seeks unspecified damages due to an alleged motor vehicle accident that occurred on or about September 26, 2007. It appears from the Complaint that the Plaintiff is seeking substantial compensatory and mental anguish damages and thus the amount in controversy exceeds the jurisdictional amount of $75,000.00. In fact, this Defendant has received notice that third party medical provider, The Medical Center, Inc., of Columbus, Georgia, is asserting a subrogation claim in the amount of $41,294.55 for some of the medical charges allegedly incurred in rendering treatment to Plaintiff Simmons. (Exhibit B)

5. Because the Plaintiff does not seek an expressed identified sum of monetary damages in the above-referenced Complaint, the Plaintiff's claim may very well exceed $75,000.00 exclusive of interest and costs.

(a) In considering whether the requisite jurisdictional amount in controversy exists, the U.S. Supreme Court has held that "[I]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L.Ed. 845, 848 (1938). The *St. Paul Mercury* standard specifically applies to consideration of whether a cause is properly

removed to federal court. See *Harger v. Burger King Corp.*, 729 F. Supp. 1579, 1580 (MD La. 1990); *Ronca & Sons, Inc., v. Monarch Water Systems, Inc.*, 1987 WL 13570 (N.D. Ill. 1987).

(b)    The amount in controversy in this action exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Plaintiff seeks to recover from the jury "an amount to be determined" together "with interest thereon at the legal rate, together with their costs." (Plaintiff's Complaint, Exhibit A)

(c)    The United States District Court for the Northern District of Alabama reviewed the propriety of removal of an action which did not contain a specific *ad damnum* in the complaint in *Kilpatrick v. Eby Construction Co., Inc.*, 708 F. Supp. 1241 (N.D. Ala. 1989). The Court found that a complaint not seeking a sum specific would yield to allegations of a jurisdictional limit in the Notice of Removal. *Id.* at 1242-43. See also, *Tapscott v. MS Dealer Service, Corp.*, 77 F.3d 1353, 1356-1358 (11th Cir. 1996).

(d)    In *Tapscott*, the Eleventh Circuit held that when the plaintiff's demand is unspecified, a lower burden of proof to establish removal jurisdiction is warranted. *Id.* at 1357.

(e)    Indeed, in the case at bar, the Plaintiff did not even attempt to limit the amount of his total claim for damages. Facing a similar situation, the court in *Steel v. Underwriters Adjusting Co.*, 649 F. Supp. 1414 (M.D. Ala. 1986), was confronted with the removal of a state court complaint seeking unspecified punitive damages and demanding "judgment against the defendants in the [sic] amount to be fairly ascertained by the jury." *Id.* at 1415. The *Steele* court rejected plaintiff's belated argument that the amount in controversy was less than $50,000.00[1], recognizing in such cases that a court "may turn to the petition for removal to ascertain the amount in controversy." *Id.* at 1416. The court's reasoning in *Steele* is equally applicable here:

---
[1] Note, the jurisdictional amount was increased from $50,000.00 to $75,000.00 in January of 1997.

> To allow [a plaintiff to avoid federal jurisdiction by claiming unspecified damages] would violate this court's notions of procedural fair play. A plaintiff **should not be allowed to deprive a defendant of his right to remove through artful pleading practices**...(emphasis added).
>
> The plaintiff should not be allowed to rob Underwriters of its right to remove by demanding such damages as may be "fairly ascertained by the jury." Permitting such practice allows the Plaintiff to "have his cakes and eat it too." In other words, the Plaintiff effectively prevents federal jurisdiction by failing to demand a specific monetary figure, while making it possible for the jury to return a verdict well in excess of [the statutory amount]. Such an approach is simply unfair and will not be permitted by this court. *Id.* at 1415-16.

6. No pleading or other actions have been taken by the Defendant in the Circuit Court for Macon County.

7. This notice is filed within 30 days of receipt through service of a copy of the Complaint on Defendant Jessica Wilson.

8. Venue is proper in the Middle District of Alabama, Eastern Division, pursuant to 28 U.S.C. §81, as Macon County is within its borders.

9. Pursuant to 28 U.S.C. §1446(d), Defendant has sent written notice of removal to the Plaintiff's attorney and has filed a copy of this notice with the Clerk of the Circuit Court of Macon County.

WHEREFORE, the premises considered, Defendant respectfully submits that this matter has been properly removed from the Circuit Court of Macon County, Alabama, and requests that this Court take proper jurisdiction of this matter in the United States District Court for the Middle District of Alabama, Eastern Division.

Done this 7th day of February 2008.

_____
W. CHRISTOPHER WALLER, JR. (WAL187)
Attorney for Defendant

OF COUNSEL:

Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109
Telephone: 334-387-7680
Facsimile: 334-387-3222
Email: CWaller@ball-ball.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the following counsel by placing the same in the U.S. Mail, postage prepaid and properly addressed, on this the 7th day of February 2008:

E. Daine Sharpe, Esq.
Attorney at Law
134 N. Broadnax Street
Dadeville, Alabama 36853

_____
W. CHRISTOPHER WALLER, JR. (WAL187)


Case 3:08-cv-00085-WHA-WC     Document 1-2     Filed 02/07/2008     Page 1 of 5

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| PATRICK SIMMONS,<br>  Plaintiff, | )<br>)<br>) |
| VS. | )    CASE NO. CV 07-152<br>) |
| JESSICA WILSON,<br>  Defendant. | )<br>) |

### SUMMONS

THIS SERVICE BY SHERIFF OF THIS SUMMONS IS INITIATED UPON THE WRITTEN REQUEST OF PLAINTIFF'S ATTORNEY PURSUANT TO THE ALABAMA RULES OF CIVIL PROCEDURE.

You are hereby commanded to serve this summons and a copy of the complaint in this action upon the Defendant, JESSICA WILSON. The Defendant's address for service is as follows:

> 2601 Cole Street Apt G
> Tuskegee, AL 36803

### NOTICE TO DEFENDANT

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to Daine Sharpe, Esq., of the law firm of E. Daine Sharpe, P.C., attorney for the Plaintiff, whose address is, 134 N. Broadnax Street, Dadeville, Alabama 36853.

The Answer must be mailed or delivered within thirty (30) days from the date of service of this Summons and Complaint or a judgment by default may be entered against you for the money or other things demanded in the Complaint. You must also file the original of your answer with the Clerk of this Court within a reasonable time afterward.

| 12/27/07 | /s/ David Love Jr |
|---|---|
| DATE | CLERK OF THE COURT |



DEFENDANT'S EXHIBIT A

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

PATRICK SIMMONS,            )
    Plaintiff,              )
                            )
VS.                         )   CASE NO. CV 07-152
                            )
JESSICA WILSON,             )
    Defendant.              )

## COMPLAINT

Comes now the Plaintiff, Patrick Simmons, and brings this civil action to recover damages against the Defendant, Jessica Wilson, and for his cause of action would show unto the Court the following, to wit:

I

Plaintiff Patrick Simmons is an adult resident citizen of Macon County, Alabama residing at 1601 Tolbert Circle, Tuskegee, Alabama 36083.

II

Upon information and belief, Defendant Jessica Wilson, is a resident citizen of the State of Alabama.

III

The Plaintiff would show that on or about September 26, 2007, at approximately 9:29 p.m., Plaintiff was a pedestrian and was standing on the shoulder of the roadway at the intersection of Rotan Avenue and Wright Street in Tuskegee, Alabama. Suddenly and without warning, the Defendant Jessica

Wilson, while operating her 1996 Honda Accord, left her path of travel and struck Plaintiff thereby causing the Plaintiff severe injuries.

IV

Said Defendant, Jessica Wilson, was guilty of negligence and/or omissions which directly and/or proximately caused said accident and the resulting injuries and damages to the Plaintiff, in one or more of the following ways, to wit:

a) Failure to keep a proper lookout for pedestrians;

b) Failure to keep her vehicle under reasonable and proper control by veering from the roadway and striking Plaintiff;

c) Negligence per se by violating local ordinances and state law regarding the operation of motor vehicles in the area by, among other things, operating her vehicle in excess of the posted speed limit; failing to exercise due care to avoid colliding with a pedestrian; and failing to give warning by sounding the horn;

d) Operating said vehicle in such an unsafe manner as to cause injury to the Plaintiff; and

e) Failure to do other reasonable acts necessary to prevent said accident.

V

As a direct and proximate result of the above mentioned negligence of the Defendant, Jessica Wilson, the Plaintiff sustained bodily injuries and damages. Plaintiff's damages include, but are not limited to:

a) Bills for medical treatment, past and future;

b) Physical pain and suffering, past and future;

c) Mental anguish and emotional distress, past and future;

    d)    Severe and permanent bodily injuries.

WHEREFORE, the Plaintiff, Patrick Simmons, brings this Complaint to recover actual and compensatory damages from the Defendant, Jessica Wilson, in an amount to be determined by the Court together with interest thereon at the legal rate, together with their costs.

    Respectfully submitted this the 5th day of December, 2007.

                                              */s/ Daine Sharpe*
                                              DAINE SHARPE (SHA-034)
                                              Attorney for Plaintiff

E. DAINE SHARPE, P.C.
134 N. Broadnax Street
Dadeville, Alabama 36853
(256) 825-4631

## JURY DEMAND

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

```
AVSO355                    ALABAMA JUDICIAL DATA CENTER
                                DEFENDANTS ANSWER
                                CIRCUIT CIVIL          CASE:CV 2007 000152.00 XXX
------------------------------------------------------------------------
  IN THE CIRCUIT  COURT OF   MACON         COUNTY        DT FILED: 12/27/2007
    PATRICK SIMMONS VS JESSICA WILSON

    WILSON JESSICA
    2601 COLE STREET
    APT G
    TUSKEGEE, AL  36083-0000
             SSN: 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      HOME PHONE:_____    WORK:_____
------------------------------------------------------------------------
  DEFENDANTS ANSWER TO THE COMPLAINT: PLEASE PRINT

    NOTICE: IF YOU HAVE BEEN SUED IN A COUNTY IN WHICH YOU DO NOT LIVE AND IF
    THE SUIT AGAINST YOU IS NOT FOR SERVICES OR WORK AND LABOR PERFORMED IN
    THE COUNTY WHERE SUIT HAS BEEN FILED, YOU MAY REQUEST THAT IT BE
    TRANSFERRED TO YOUR HOME COUNTY. IF THIS APPLIES, COMPLETE "A" BELOW.

  CHECK ONE:

  A  _____   I DO NOT LIVE IN THIS COUNTY, I WANT THIS CASE TRANSFERRED TO MY
               HOME COUNTY OF
  B  _____   I ADMIT EVERYTHING IN THE STATEMENT OF CLAIM AND DO NOT WANT
               A TRIAL  (THIS MEANS THAT YOU CONSENT TO A JUDGMENT FOR THE
               AMOUNT CLAIMED PLUS COURT COSTS.)
  C  _____   I ADMIT I OWE SOME MONEY, BUT NOT THE TOTAL AMOUNT CLAIMED BY THE
               PLAINTIFF(S). (IF THIS BLOCK IS CHECKED, THE CASE WILL BE SET
               FOR TRIAL. PLEASE NOTE THAT ANY MONEY PAID BY YOU ON THIS
               CLAIM AFTER THE SUIT WAS FILED MAY NOT BE REFLECTED ON THE
               STATEMENT OF CLAIM WHICH YOU RECEIVED. YOU SHOULD CONTACT THE
               PERSON WHO HAS SUED YOU OR HIS ATTORNEY TO DETERMINE THE
               PRESENT BALANCE WHICH IS CLAIMED.)
  D  _____   I DENY THAT I AM RESPONSIBLE AT ALL. (EXPLAIN BELOW)

  IF YOU CHECKED "C" OR "D", BRIEFLY EXPLAIN THE REASONS FOR YOUR ANSWER.


------------------------------------------------------------------------
  NAME AND ADDRESS OF EMPLOYER                       | BUSINESS PHONE
                                                     |
                                                     |
                                                     |
                                                     |
------------------------------------------------------------------------
  THIS ANSWER MUST BE SIGNED BY THE PERSON OR PERSONS WHO HAVE BEEN SUED OR
  THEIR ATTORNEY. AN ANSWER WHICH IS NOT SIGNED OR WHICH IS NOT SIGNED BY
  THE PROPER PERSON CANNOT BE CONSIDERED.
------------------------------------------------------------------------
  KEEP A COPY FOR YOUR FILES. MAIL ORIGINAL TO THE COURT ADDRESS BELOW.
  MAIL A COPY TO THE PLAINTIFFS ATTORNEY AT THE ABOVE ADDRESS.

                        ****SIGNATURE OF DEFENDANT OR ATTORNEY****
              ADDRESS: _____
                       _____

     CLERK:DAVID LOVE, JR.
           CIRCUIT CLERK
           101 EAST NORTHSIDE STREET
           TUSKEGEE  AL  36083
           (334)727-2614
------------------------------------------------------------------------
OPERATOR: COH
PREPARED: 01/07/2008
```

# BERRY, SHELNUTT, DAY & HOFFMAN
### A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

EDWARD F. BERRY ‡
J. MARK SHELNUTT
W. CHARLES DAY, JR. ‡
PETER B. HOFFMAN
JULIA F. SLATER
DAVID B. ROSS ○
JENNIFER E. DUNLAP

‡ ALSO ADMITTED IN ALABAMA
○ ALSO ADMITTED IN PENNSYLVANIA

233 TWELFTH STREET, SUITE 400
THE CORPORATE CENTER
COLUMBUS, GEORGIA 31901

TELEPHONE:

(706) 324-4343
(706) 324-4375

October 23, 2007

MAILING ADDRESS:

P.O. BOX 1437
COLUMBUS, GA 31902

TELECOPIER

(706) 322-9535
(706) 653-5681



<u>VIA FACSIMILE (1-866-264-4504)</u>

RE:
OUR CLIENT: THE MEDICAL CENTER, INC.
CLAIM #: 00161740717
DATE OF LOSS: 09/26/07

DEAR            :

　　Please be advised that we represent The Medical Center, Inc. of Columbus, Georgia. Enclosed herewith, please find the medical charges resulting from Mr. Patrick Simmons motor vehicle accident on September 26, 2007. Currently, Mr. Simmons has incurred charges of forty one thousand two hundred ninety four dollars and fifty-five cents ($41,294.55).

　　Please remit a check made payable to The Medical Center c/o Berry, Shelnutt, Day & Hoffman, P.C. at the above address                        Thanks for your cooperation.

Sincerely,

BERRY, SHELNUTT, DAY & HOFFMAN
A Professional Corporation

By: Robyn Snowder
Robyn M. Snowder
Paralegal to W. Charles Day, Jr.

WCD, Jr./rs
Enclosure

DEFENDANT'S EXHIBIT B

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003801
Cashier ID: khaynes
Transaction Date: 02/07/2008
Payer Name: BALL BALL MATHEWS ET AL
------------------------------------
CIVIL FILING FEE
 For: BALL BALL MATHEWS ET AL
 Case/Party: D-ALM-3-08-CV-000085-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 20150
 Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

Patrick Simmons V. Jessica Wilson
```