IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATRICK SIMMONS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:08cv85-WHA ) |
| JESSICA WILSON, | ) ) |
| Defendant. | ) ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE CIRCUIT COURT OF MACON COUNTY
STATE OF ALABAMA

| | |
|---|---|
| PATRICK SIMMONS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. CV-07-152 ) |
| JESSICA WILSON, | ) ) |
| Defendant. | ) ) |

### ANSWER OF DEFENDANT JESSICA WILSON

COMES NOW the Defendant identified as Jessica Wilson, by and through her undersigned counsel of record, and in response to Plaintiff's Complaint originally filed in the Circuit Court for Macon County, Alabama, CV-2007-152, states as follows:

1.  This Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 1.

2.  This Defendant denies the allegations of Paragraph 2 as it relates to the residence of Jessica Wilson as Jessica Wilson was and is a permanent resident citizen of the State of Colorado at the time of the accident.

3. Defendant admits that a motor vehicle accident occurred on September 26, 2007, in Macon County, Alabama. Defendant denies the remaining allegations of Paragraph 3 and demands strict proof thereof.

4. Defendant denies the allegations of Paragraph 4 and demands strict proof thereof.

5. Defendant denies the allegations of Paragraph 5 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant pleads contributory negligence.

### Second Affirmative Defense

Defendant pleads mitigation of damages.

### Third Affirmative Defense

Defendant pleads §6-11-21, *Code of Alabama* as amended in its entirety with all sub-parts thereto more generally referred to as the statutory provision applying caps to punitive damages.

### Fourth Affirmative Defense

Defendant specifically denies the allegations of negligence contained in Plaintiff's Complaint and demands strict proof thereof.

### Fifth Affirmative Defense

Defendant pleads an intervening and independent act which proximately caused the alleged injuries referred to in the Plaintiff's Complaint.

### Sixth Affirmative Defense

Defendant denies that the accident referred to in the Plaintiff's Complaint was the proximate cause of the injuries allegedly sustained by the Plaintiff.

### Seventh Affirmative Defense

Defendant was faced with a sudden emergency at the time of the accident such that the accident from her perspective was unavoidable.

### Eighth Affirmative Defense

Defendant pleads the general issue.

### Ninth Affirmative Defense

Defendant pleads assumption of the risk.

### Tenth Affirmative Defense

Defendant pleads the statute of limitations.

### Eleventh Affirmative Defense

Defendant pleads the affirmative defense of Plaintiff's lack of standing.

### Twelfth Affirmative Defense

Defendant pleads the affirmative defense of *judicial estoppel*.

### Thirteenth Affirmative Defense

The award of discretionary, compensatory damages for mental suffering on behalf of the Plaintiff violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard, for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because:

A.  It fails to provide a reasonable limit on the amount of the award against the Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States,

B.  It fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution,

C.  It results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and,

D.  It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### Fourteenth Affirmative Defense

The award of discretionary compensatory damages for mental suffering to the plaintiff herein violates the due process clause of Article I, §6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against this defendant, it is unconstitutionally vague, it fails to provide specific standard in the amount of the award of such damages and, it constitutes a deprivation of property without the due process of law.

### Fifteenth Affirmative Defense

To the extent that any of the bills for the Plaintiff's damages have been paid by a third party, this Defendant pleads accord, satisfaction and payment.

### Sixteenth Affirmative Defense

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Constitution of the State of Alabama and the United States of America.

### Seventeenth Affirmative Defense

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

### Eighteenth Affirmative Defense

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to this Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant are entitled to the same procedural safeguards accorded to criminal defendant.

### Nineteenth Affirmative Defense

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compels this Defendant to disclose documents and evidence.

### Twentieth Affirmative Defense

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compels this Defendant to disclose documents and evidence.

### Twenty-First Affirmative Defense

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which

infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

### Twenty-Second Affirmative Defense

Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendant upon the Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e) The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant.

### Twenty-Third Affirmative Defense

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### Twenty-Fourth Affirmative Defense

The award of punitive damages against this Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

### Twenty-Fifth Affirmative Defense

This Defendant pleads the standards and limitations regarding the determination and/or enforcement of punitive damage awards provided in Section 6-11-27, Code of Alabama 1975.

### Twenty-Sixth Affirmative Defense

This Defendant pleads the standards and limitations regarding the determination and/or enforcement of punitive damage awards provided in Sections 6-11-20 and -21, *Code of Alabama 1975*.

### Twenty-Seventh Affirmative Defense

This Defendant pleads the standards and limitations regarding the determination and/or enforceability of punitive damages awards articulated in BMW of North America v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed. 809 (1995).

### Twenty-Eighth Affirmative Defense

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different

compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### Twenty-Ninth Affirmative Defense

The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

### Thirtieth Affirmative Defense

This Defendant reserves the right to plead additional affirmative defenses which are not currently known but which are learned through discovery.

/s/ W. Christopher Waller, Jr.
W. CHRISTOPHER WALLER, JR. (WAL187)
Attorney for Defendant

OF COUNSEL:

Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109
Telephone: 334-387-7680
Facsimile: 334-387-3222
Email: CWaller@ball-ball.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the following counsel by placing the same in the U.S. Mail, postage prepaid and properly addressed, on this the 7th day of February 2008:

E. Daine Sharpe, Esq.
Attorney at Law
134 N. Broadnax Street
Dadeville, Alabama 36853

_____
W. CHRISTOPHER WALLER, JR. (WAL187)